NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0437n.06

No. 21-5161

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|                                      |     |                                    |
|--------------------------------------|-----|------------------------------------|
| LEGACY HEMP, LLC,                    | )   | **FILED**                          |
|                                      | )   | Sep 20, 2021                       |
| Plaintiff-Appellant,                 | )   | DEBORAH S. HUNT, Clerk             |
|                                      | )   |                                    |
| v.                                   | )   | ON APPEAL FROM THE                 |
|                                      | )   | UNITED STATES DISTRICT             |
| TERRAMAX HOLDINGS CORP.,             | )   | COURT FOR THE WESTERN              |
|                                      | )   | DISTRICT OF KENTUCKY               |
| Defendant-Appellee.                  | )   |                                    |
|                                      | )   |                                    |
|                                      | )   |                                    |

BEFORE:     ROGERS, GRIFFIN, and THAPAR, Circuit Judges.

ROGERS, Circuit Judge.   Pursuant to contract, plaintiff Legacy Hemp, LLC was the exclusive distributor of industrial hemp seed produced by defendant Terramax Holdings Corporation in seven states of the United States, including Kentucky.  Terramax terminated the contract on the grounds that Legacy was seeking to distribute Terramax seed in other states of the United States.  Legacy sued Terramax for breach of contract, first unsuccessfully in federal court in Wisconsin, and then below in federal district court in Kentucky.  The district court dismissed the suit for failure to meet the requirements for personal jurisdiction under the Kentucky long-arm statute.  The court ruled that although Terramax had contracted to supply hemp seed to Legacy and specifically chose to grant Legacy the right to sell and market the seed in Kentucky, Legacy did not meet the requirement of the Kentucky long-arm statute that plaintiff's claims "arise from" Terramax's contract to supply goods in Kentucky.   The closest Kentucky-law precedent

persuasively suggests that Legacy's claims that Terramax breached its contract to supply goods in Kentucky meet the requirement of the long-arm statute.

Legacy Hemp, LLC ("Legacy") is a Wisconsin limited liability company with its principal place of business in Wisconsin. Terramax Holdings Corporation ("Terramax") is a Saskatchewan corporation with its principal place of business in Saskatchewan, Canada. Terramax engages in "proprietary maintenance, production, and sale of industrial hemp seed," including the X-59 Hemp Nut ("X-59").

In 2014, Kenneth Anderson, owner of Legacy, was doing business as Original Green Distribution headquartered in Wisconsin. A Canadian contact introduced Anderson to Terramax as a potential partner for distributing Terramax's X-59 hemp seed in the United States. Anderson was introduced to Terramax as "Ken Anderson from Original Green Distribution in Wisconsin."

In April 2016, Anderson, then doing business as Legacy, and Terramax entered into a Germ Plasm Transfer, Royalty, and Working Agreement (the "Distributor Agreement"), providing for the distribution and sale of X-59 in the United States. Under the Distributor Agreement, Legacy had exclusive rights to sell X-59 in seven states: Kentucky, Illinois, Minnesota, Iowa, North Dakota, Nebraska, and Indiana. Legacy would pay Terramax annual royalties for the sale of all X-59 hemp seeds in the United States. The Distributor Agreement was drafted by Terramax and set a term of seven years. Although the Distributor Agreement designated a Kentucky mailing address for Legacy, the Agreement was delivered to Legacy at its Prescott, Wisconsin headquarters, where it was executed and then returned. Anderson averred that the Kentucky mailing address belonged to one of Legacy's first X-59 customers, and was included "because at that time, Kentucky was the only state engaged in a hemp pilot program, and therefore the only state where growing X-59 hemp seed was legal." The parties had an extensive course of dealing

over four years, with frequent communications to and from Legacy in Wisconsin by phone, mail, and email, and meetings held in Montana and Canada. During this time, Legacy made at least three purchases of X-59 from Terramax that were shipped to Kentucky. The purchased seed was sent to Legacy's Kentucky producer, with whom Terramax allegedly communicated frequently in order to monitor the business relationship.

The relationship between Legacy and Terramax ultimately soured, and in 2020 Terramax notified Legacy that it considered Legacy to be in breach of the Distributor Agreement for selling X-59 outside of its authorized territory and failing to provide detailed information regarding sales of X-59. Terramax claimed that because of the alleged breach by Legacy, Terramax was entitled to terminate the Agreement. Around this same time, Terramax entered into a contract with IndHemp, one of Legacy's customers, granting IndHemp exclusive rights to market and sell X-59 in thirty-one states.

Legacy initially brought suit against Terramax in Wisconsin federal district court. However, that court dismissed for lack of personal jurisdiction over Terramax. *Legacy Hemp LLC v. Terramax Holdings Corp.*, No. 20-CV-303-SLC, 2020 WL 2747743, at *6 (W.D. Wis. May 27, 2020). Legacy subsequently brought this action in the Western District Court of Kentucky. Legacy's complaint asserted five causes action, alleging that Terramax's attempt to terminate the Distributor Agreement and grant exclusive distribution rights to IndHemp constituted a breach of contract.[1] The complaint is largely based on the contention that Legacy had the right under the contract, and from its course of dealing, to market Terramax seeds on a non-exclusive basis in the

---

[1] The five claims raised in Legacy's complaint are: (1) Declaratory Judgment; 28 U.S.C. § 2201; (2) Breach of Contract-Termination; (3) Breach of Contract-Exclusive Territory Grant to IndHemp; (4) Breach of Contract-Refusal to Provide Registered Seed; and (5) Breach of the Covenant of Good Faith and Fair Dealing.

United States outside of the seven exclusive states, and that Terramax could not terminate the contract based on Legacy's having done so.

Terramax moved to dismiss for lack of personal jurisdiction. The district court observed that Terramax's conduct in Kentucky qualified as both "[t]ransacting any business in this Commonwealth," and "[c]ontracting to supply services or goods in this Commonwealth," under Kentucky's long-arm statute, KRS 454.210(2)(a). However, the district court found that Legacy's claims did not arise from any such transacting of business or contracting to supply goods by Terramax in Kentucky. The court ruled that Terramax's alleged breach and its contract with IndHemp occurred outside of Kentucky, therefore Legacy's claims did not arise from any conduct by Terramax in Kentucky. The court accordingly granted Terramax's motion to dismiss. Legacy timely appealed.

At the outset, we decline to rely upon Legacy's argument, properly rejected by the district court, that Terramax is judicially estopped from contesting personal jurisdiction based on its arguments before the Wisconsin district court. Legacy argues that Terramax ostensibly conceded to jurisdiction in Kentucky in order to get the Wisconsin litigation dismissed, and the Wisconsin district court accepted this position. This argument is without merit. Terramax did not concede jurisdiction in Kentucky. Moreover, the Wisconsin district court found only that jurisdiction was not proper in Wisconsin, not that Kentucky would have jurisdiction over the suit. Judicial estoppel is therefore inapplicable here. "The doctrine of judicial estoppel prevents a party who successfully assumed one position in a prior legal proceeding from assuming a contrary position in a later proceeding." *Mirando v. U.S. Dep't of Treasury*, 766 F.3d 540, 545 (6th Cir. 2014) (citing *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)).

Terramax's position here is consistent with its arguments in the Wisconsin case. There, Terramax argued that it did not have sufficient contacts to the state of Wisconsin. It further observed that, at the time the Distributor Agreement was entered into in 2016, Legacy's principal place of business was Kentucky, and Terramax understood Legacy to be a Kentucky company. To say that Legacy was a Kentucky corporation, and that Terramax communicated with Legacy while it was in Kentucky, does not, however, suggest that Terramax argued that jurisdiction was proper there.

Moreover, the district court's decision to dismiss the case did not rest on a finding that jurisdiction was proper in Kentucky. The Wisconsin court ruled that there was no jurisdiction in Wisconsin because "Legacy [had] not established that Terramax [had] sufficient minimum contacts with Wisconsin." *Legacy Hemp*, 2020 WL 2747743, at *6. The court observed twice that Legacy was a Kentucky company. *Id.* at *2, 4. That observation does not amount to a determination that jurisdiction was proper in Kentucky.

Judicial estoppel "preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment." *Lorillard Tobacco Co. v. Chester, Willcox & Saxbe, LLP*, 546 F.3d 752, 757 (6th Cir. 2008) (citation omitted). "In order to invoke judicial estoppel, a party must show that the opponent took a contrary position under oath in a prior proceeding and that the prior position was accepted by the court." *Teledyne Indus., Inc. v. N.L.R.B.*, 911 F.2d 1214, 1218 (6th Cir. 1990). Terramax's positions across the two cases have been consistent. Even if there were any inconsistency, it would be irrelevant because the Wisconsin court did not conclude that Terramax would be subject to jurisdiction in Kentucky

Legacy has shown a basis for personal jurisdiction over Terramax under KRS 454.210(2)(a)(2), which provides that "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's . . .[c]ontracting to supply services or goods in this Commonwealth." "When sitting in diversity, a federal court may exercise personal jurisdiction over an out-of-state defendant only if a court of the forum state could do so." *Blessing v. Chandrasekhar*, 988 F.3d 889, 901 (6th Cir. 2021) (citing *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 148 (6th Cir. 1997)).

Kentucky's long-arm statute "sets forth nine specific provisions defining the kinds of activity that will allow a Kentucky court to exercise personal jurisdiction over a nonresident defendant." *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 56 (Ky. 2011). Only two were argued below. The statute provides, in relevant part: "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's: (1) Transacting any business in this Commonwealth; (2) Contracting to supply services or goods in this Commonwealth; . . . ." KRS 454.210(2)(a)(1)–(2). The district court ruled, and neither party contests on appeal, that Terramax's conduct fell under 454.210(a)(1)–(2), because Terramax's activities qualified as both transacting business in Kentucky and contracting to supply goods in Kentucky.

Although there was some dispute below regarding whether seed shipments were shipped to Kentucky as opposed to picked up in Canada for such shipment, the district court concluded specifically that "Terramax did contract to supply X-59 to Legacy and specifically chose to grant Legacy the right to sell and market X-59 in Kentucky," thus meeting the "contracting to supply goods in Kentucky" requirement. *Legacy Hemp LLC v. Terramax Holdings Corp.*, No. 5:20-CV-00090-TBR, 2021 WL 210723, at *4 (W.D. Ky. Jan. 20, 2021). On appeal, Terramax does not

challenge this conclusion, but instead limits its argument regarding the long-arm statute to a defense of the district court's "arising from" reasoning. We accordingly accept the district court's conclusion that the "contracting to supply goods in Kentucky" requirement is met.

While the district court went on to conclude that Legacy's claim did not arise from that contract, language from the unanimous Supreme Court of Kentucky supports the conclusion that it did. Legacy's argument is in essence based on Terramax's refusal to continue to supply the contracted-for seed. In common terms, the claim "arose from" the refusal to comply with the contract to supply.

In *Hinners v. Robey*, the unanimous Kentucky Supreme Court held that a non-resident car seller's conduct supported the trial court's exercise of personal jurisdiction under 454.210(2)(A)(2), where the Kentucky purchaser had gone to Missouri to pick up a Cadillac he had purchased on eBay, and after the seller grossly misrepresented the condition of the car. 336 S.W.3d 891, 893–94 (Ky. 2011). The court held that the seller's conduct constituted "[c]ontracting to supply services or goods in this Commonwealth," reasoning as follows:

> A plain reading of the statutory language produces the interpretation that the contract need not be made or executed "in this Commonwealth," but, rather, only that the contract provide for the supplying of services or goods to be transported into, consumed or used in Kentucky. Here, although the final deal was executed beyond Kentucky's border, it was anticipated by the parties from the outset that the vehicle would be transported to and used in Kentucky. Clearly, Robey "contract[ed] to supply services (the warranty) or goods (the vehicle) in this Commonwealth."

*Id.* at 896. The court went on to apply the "arising from" language broadly as follows:

> Hinners's claims for fraudulent misrepresentation and breach of warranty are based upon the very same contract "to supply[ ] goods" (i.e., the Cadillac Escalade) upon which long-arm jurisdiction under the statute is predicated. It is self-evident from the complaint itself that the claims of misrepresentation "arise from" from Robey's contract to supply goods in Kentucky.

*Id.* at 896–97.

To be sure, the Supreme Court of Kentucky could distinguish a future case like Legacy's from Hinners's. Plaintiff Hinners was from Kentucky while Legacy is not. Further, a misrepresentation claim may be different from a claim for wrongful termination of a distribution contract in some relevant way. But such distinctions do not go to the court's apparent reasoning: a claim for breach of a contract to supply goods to Kentucky "self-evidently" arises from the contract.

It could be argued, moreover, that because Terramax decided in Canada to terminate Legacy's distributorship a contract suit challenging such an alleged breach did not arise in Kentucky. This idea is supported by reference to *Kerry Steel, Inc.*, a case denying Kentucky long-arm jurisdiction back when Kentucky long-arm jurisdiction was deemed to be coextensive with federal due process requirements. 106 F.3d at149–52. *Kerry Steel* was like *Hinners* in that it involved a single transaction, but unlike *Hinners* in that the in-state plaintiff was a seller suing an out-of-state purchaser who did not pay. *Id.* at 148. As a brief comment, we reasoned that "the claim arose out of [purchaser's] failure to pay the full purchase price, based on the purported nonconformity of the goods with the specification of the contract. The refusal to pay occurred in Oklahoma." *Id.* at 152. Even if *Kerry Steel* provides some support for the district court's judgment, the case is simply not as strong as *Hinners*. If the failure-to-pay in *Kerry Steel* did not occur in Kentucky, then it would appear that the misleading statements in *Hinners* also did not occur in Kentucky. But the court in *Hinners* reasoned that the requirements for Kentucky long-arm jurisdiction were nonetheless met. If there is a conflict between the two cases, the more recent Kentucky Supreme Court decision is dispositive.

When, as was the case here, the district court resolves a Rule 12(b)(2) motion on the basis of affidavits and written submissions, without conducting an evidentiary hearing or limited

discovery, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). In such cases, "the burden on the plaintiff is relatively slight, and the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal." *Id.* (internal quotation marks and citations omitted).

In sum, Legacy has made a sufficient prima facie showing of personal jurisdiction under the Kentucky long-arm statute. Of course Legacy must also meet the federal due process requirements. *See Caesars*, 336 S.W.3d at 57 (clarifying that the requirements for Kentucky long-arm jurisdiction differ from federal due process requirements). The district court did not reach that issue, however, and we take no position on it. Thus, although the parties have briefed the federal due process issue in the alternative, and we could exercise our discretion to address it, we decline to reach it here in the first instance without input from the district court.

For the foregoing reasons, we reverse the judgment of the district court and remand for proceedings consistent with this opinion.